

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0075-19

**THE STATE OF TEXAS**

**v.**

**REYNALDO LERMA, Appellee**

**ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS
HAYS COUNTY**

WALKER, J., delivered the opinion of the Court, in which HERVEY, RICHARDSON, NEWELL, and SLAUGHTER, JJ., joined. KELLER, P.J., filed a dissenting opinion, in which YEARY and MCCLURE, JJ., joined. KEEL, J., concurred in the result.

## O P I N I O N

In this case, the trial court granted a motion to dismiss pursuant to Texas Rule of Evidence 508. On appeal, the court of appeals decided that the trial court abused its discretion. But a defendant's burden under Rule 508 is not a high one, and, based upon our review of the record, we determine that Appellee made the necessary plausible showing required by the rule. The trial court's dismissal was not an abuse of discretion, and we reverse the judgment of the court of appeals.

## I — Background

Using a confidential informant, the Hays County Narcotics Task Force (Task Force) conducted a controlled drug buy from Joel Espino, who was a narcotics dealer along with his roommate, Andrew Alejandro. Three months later, Appellee and several co-defendants allegedly attempted to rob Espino and Alejandro. During the attempted robbery, Alejandro shot and killed his roommate Espino and wounded two of the alleged robbers. Alejandro was the only person to fire a weapon during the incident. Appellee was charged with the capital murder of Espino.[1]

During initial discovery, Appellee's defense counsel learned about the earlier controlled buy involving Espino and the informant. The defense also found out that Espino was not charged in connection with the controlled buy and that the drugs had been destroyed. The defense suspected that Espino himself may have been an informant and that Alejandro could have had a motive to intentionally kill Espino. The defense then sought information related to the controlled buy, including the confidential informant's identity. The defense theorized that Alejandro could have learned about Espino's involvement with the controlled buy from the informant and that Alejandro used the attempted robbery as an opportunity to shoot and kill Espino.

The State and the Task Force officers claimed that the informant's identity was privileged under Rule 508, but the trial court, agreeing with the defense that the informant could possess exculpatory information, ordered the State to allow the defense to review the informant's file under a gag order to ascertain whether or not the file contained potentially exculpatory information. The

---

[1] Liability appears to be based upon Penal Code § 7.02(a)(1) which holds a person criminally responsible for the conduct of another if, "acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage" in the conduct prohibited by the offense. *See* TEX. PENAL CODE Ann. § 7.02(a)(1).

trial court determined that this was the best way to ensure that, if potentially exculpatory information existed regarding the informant, it would be discovered by the defense.

The State filed a petition for mandamus in the court of appeals, claiming that the trial court was required to conduct an *in camera* hearing under Rule 508 before ordering that the defense be allowed to review the informant's file. The court of appeals denied relief. The State then sought mandamus relief from this Court, but the parties and the trial court agreed to a Rule 508 *in camera* hearing.[2]

At the *in camera* hearing, the prosecutor for the State informed the trial court that, although he was originally under the impression that the Task Force officers would identify the informant, he was subsequently told that the Task Force officers did not know who the informant was because they failed to document the informant's identity. The trial court was skeptical but nevertheless heard testimony from the Task Force officers. All of the officers claimed that they failed to make a record of the informant's identity, even though the Task Force's policies and procedures required an informant's information to be thoroughly documented. The Task Force officers admitted, after the trial court posed the defense theory to them, that it was possible that the informant could have potentially exculpatory information. Combined with the fact that the State utilized every means available to resist disclosure of the informant's identity, the trial court found that the Task Force officers' claim that they simply did not know the informant's identity lacked credibility.

Appellee filed a motion to dismiss pursuant to Rule 508 which provides that, if the trial court

---

[2] *In re State ex rel. Mau*, No. WR-87,101-01, 2017 WL 3166481 (Tex. Crim. App. July 19, 2017) (not designated for publication) (holding in abeyance the State's motion for leave to file a petition for mandamus which sought to have us vacate the trial court's order directing the State to provide all of the files in Task Force case relating to the controlled buy—including the confidential informant file).

finds that there is a reasonable probability that the informant possesses information necessary to a fair determination of guilt or innocence, once the "public entity elects not to disclose the informer's identity: (i) on the defendant's motion, the court must dismiss the charges to which the testimony would relate[.]" TEX. R. EVID. 508(c)(2)(A)(i). After the defense Rule 508 motion to dismiss was filed, the State disclosed an e-mail to the defense and the trial court showing that, prior to the *in camera* hearing, the Task Force commander—who testified at the hearing that he did not know the identity of the informant—did in fact know the identity of the informant but would not disclose the identity to the defense. The trial court—considering the e-mail, the fact that the State exhausted every legal remedy possible, and the fact that the testimony of the Task Force officers lacked credibility—granted Appellee's motion to dismiss.[3]

The State appealed the dismissal, and the court of appeals reversed after finding that the trial court abused its discretion because it relied upon speculation that the informant had exculpatory information instead of evidence in the record. *State v. Lerma*, No. 03-18-00194-CR, 2018 WL 5289452, at *9 (Tex. App.—Austin Oct. 25, 2018) (mem. op., not designated for publication). We granted Appellee's petition for discretionary review, which asked:

> (1) Can an appellate court disregard the issue of error preservation so that the State has a remedy when a capital murder case is dismissed because of the State's own actions in disappearing a confidential informant?

---

[3] The order granting the motion to dismiss did not indicate whether the dismissal was "with prejudice" or "without prejudice." However, during a hearing in which the trial court stated it would take the motion to dismiss under advisement, the trial court remarked that:

> now, it would be my understanding that if there was a dismissal, it would not be with prejudice should the narcotics task force ever discover their own butts.

Rep. R. vol. 11, 4.

(2) Can an appellate court reverse a trial court's dismissal under TRE 508 without ever addressing the untrustworthiness of the State's position that the State does not know the identity of the confidential informant?

## II — Preservation of Error

Appellee's first ground for review complains that the State failed to object to the trial court's dismissal pursuant to Rule 508, and, therefore, the court of appeals erred by considering the merits of the State's appeal below.

The State, in response, argues that because its right to appeal the dismissal of a charging instrument is explicitly provided for by Article 44.01 of the Code of Criminal Procedure,[4] no objection is necessary. In the alternative, the State contends that it consistently and repeatedly objected and therefore preserved error.

Assuming, without deciding, that the State must object to the trial court in order to preserve the matter for appeal, our review of the record leads to the conclusion that the State did object. To preserve a complaint for appellate review, there must be a timely, specific objection and a ruling by the trial court. TEX. R. APP. P. 33.1(a). To be timely, a complaint must be made as soon as the grounds for complaint are apparent or should be apparent. *Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999). To be sufficiently specific, an objection need not employ hyper-technical or formalistic words or phrases. *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018).

---

[4] Article 44.01 of the Code of Criminal Procedure provides, in pertinent part:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

TEX. CODE CRIM. PROC. Ann. art. 44.01(a)(1).

Instead,

> [t]o avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in a position to do something about it."

*Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This gives the trial judge and the opposing party the opportunity to correct the error. *Id.* (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).

On December 4, 2017, the trial court held a hearing on Appellee's motion to dismiss pursuant to Rule 508. During the hearing, the prosecutor presented two different reasons why the motion should be denied: (1) the Task Force's failure to disclose the identity of the informer did not equate to an "election" under Rule 508(c)(2)(A); and (2) the trial court was wrong when it found that there was a reasonable probability that the informer could give information necessary to a fair determination of guilt or innocence. By either line of reasoning, the prosecutor's opposition to the motion was unequivocal. For instance, during the State's argument, the prosecutor contended that dismissing the case would be unprecedented:

Mr. Mau: This - - you talk about a first impression, this will be the first time ever if it were to happen - -

. . . .

Mr. Mau: - - that a Court would dismiss a case - -

The Court: But it's the right thing to do. That's no reason for me not to do it.

Mr. Mau: And I don't think it's the right thing to do, Judge.[5]

The prosecutor argued against dismissing the case, the trial court expressed its belief that dismissal

---

[5] Rep. R. vol. 9, 19.

would be the right thing to do, and the prosecutor disagreed. "Magic words are not required[.]" *Gonzales v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020).

Furthermore, during the hearing the trial court informed the parties it was taking the matter under advisement and requested briefs from the parties. The State, in its brief to the trial court, again voiced its opposition to the motion. If there was any doubt, the brief began:

> COMES NOW the State of Texas and moves the Court to deny *Defendant's Motion to Dismiss Pursuant to TRE [508]*,[6]

And ended:

> WHEREFORE, PREMISES CONSIDERED, the State prays that the Court deny *Defendant's Motion to Dismiss Pursuant to TRE [508]*.[7]

Before the trial court ruled on Appellee's motion to dismiss, the State made the trial court aware that the State opposed the motion. The State told the trial court what it wanted and why at a time when the trial court was in a position to do something about it. *Pena*, 285 S.W.3d at 464. If the State was required to object, it did. We overrule Appellee's first ground for review.

### III — Rule 508

Appellee's second ground for review complains that the court of appeals erred in reversing the trial court's dismissal pursuant to Texas Rule of Evidence 508 which provides, in pertinent part:

> (a) General Rule. The United States, a state, or a subdivision of either has a privilege to refuse to disclose a person's identity if:
>
> (1) the person has furnished information to a law enforcement officer or a member of a legislative committee or its staff conducting an investigation of a possible violation of law; and

---

[6] Clerk's R. 58.

[7] Clerk's R. 71.

(2) the information relates to or assists in the investigation.

TEX. R. EVID. 508(a). In criminal cases:

> this privilege does not apply if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence. If the court so finds and the public entity elects not to disclose the informer's identity:
>
> (i) on the defendant's motion, the court must dismiss the charges to which the testimony would relate;

*Id.* (c)(2)(A)(i). In this case, the public entity—the State through the Task Force officers—did not disclose the informer's identity. Therefore, the trial court was required to dismiss the case on Appellee's motion if it found that "a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." *Id.*

A trial court's ruling on a motion to disclose the identity of a confidential informant under Rule 508 is reviewed for an abuse of discretion. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *see also Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Taylor*); *State v. Dunn*, 611 S.W.3d 176, 179 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Ford*). The abuse of discretion standard "'is a deferential standard of review that requires appellate courts to view the evidence in the light most favorable to the trial court's ruling.'" *Briggs v. State*, 560 S.W.3d 176, 184 (Tex. Crim. App. 2018) (quoting *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017)). The trial court's determination of historical facts is afforded almost complete deference, especially when those determinations are based on assessments of credibility and demeanor. *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016) (describing standard in context of rulings on motions to suppress). In determining whether the trial court abused its discretion, an appellate court must not substitute its own judgment for that of the

trial court, and it must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Burch*, 541 S.W.3d at 820. "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles.'" *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). A trial court abuses its discretion only when no reasonable view of the record could support its ruling. *Int'l Fid. Ins. Co. v. State*, 586 S.W.3d 9, 12 (Tex. Crim. App. 2019).

In *Bodin v. State*, we explained that Rule 508 only requires that the undisclosed informant's testimony may be necessary to a fair determination of guilt or innocence. *Bodin v. State*, 807 S.W.2d 313, 317–18 (Tex. Crim. App. 1991). On the issue of "the amount of proof necessary for the defendant to show that testimony *may be* necessary to a fair determination of guilt or innocence[,]" we concluded that, "[s]ince the defendant may not actually know the nature of the informer's testimony . . . he or she should only be required to make a plausible showing of how the informer's information *may be* important." *Id.* at 318 (emphasis added) (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982)). Evidence from any source, but not mere conjecture or speculation, is required. *Id.*

The dissent argues that resort to Rule 508 is unnecessary because the State already has an obligation to disclose information related to an informant, if that informant has exculpatory information under *Brady v. Maryland* and Article 39.14(h). *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); TEX. CODE CRIM. PROC. Ann. art. 39.14(h). It is undoubtedly true that the State has a duty to disclose exculpatory information, but Rule 508 is not limited to exculpatory information. *Inculpatory* information is equally "necessary to a fair determination of *guilt* or innocence." *See* Tex.

R. Evid. 508(c)(2)(A). For instance, in *Anderson v. State*, we held that the requirements of Rule 508 were met where the defendant made a drug sale to an undercover officer who was accompanied by an unnamed informant. 817 S.W.2d 69, 72 (Tex. Crim. App. 1991). We found the informant's testimony was "necessary to a fair determination of the issue of guilt, innocence" because he was an eyewitness to the sale. *Id.*[8] Our determination did not turn upon whether the informant's information was exculpatory; indeed, the unknown "informant could provide evidence corroborating or disputing the officer's testimony regarding [Anderson's] actions." *Id.* at 73. The possibility that the unknown informant could have been an exculpatory witness for the defense related, not to the question of whether the informant had information necessary to a fair determination of guilt or innocence, but to the question of harm as a result of the error. *Id.* at 73.

## IV — Application

The trial court determined that the Task Force officers were not credible, and, because of their previous resistance to disclosing the informant's identity, it could be inferred that the informant had information necessary to Appellee's guilt or innocence.

The court of appeals disagreed and concluded that the *Bodin* standard was not met. But it appears that the court of appeals did not employ the proper standard of review and did not afford the appropriate amount of deference to the trial court's credibility determination. Although the court of

---

[8] Disclosure in *Anderson* would have also been required under the standard before the promulgation of Rule 508. *Anderson*, 817 S.W.2d at 72. The law prior to Rule 508 was narrower than it is today. *See id.* at 71 ("Rule 508 provisions are broader than that applicable under the prior law"); *Bodin*, 807 S.W.2d at 318 (stating same). Previously, disclosure was required only when: (1) the informer "participated in the offense;" (2) the informer "[w]as present at the time of the offense or arrest;" or (3) the informer "[w]as otherwise shown to be a material witness to the transaction or as to whether the defendant knowingly committed the offense charged." *Bodin*, 807 S.W.2d at 317. An informer fitting in any of these three categories could very well possess testimony that hangs the defendant.

appeals may disagree with the trial court,[9] so long as any reasonable view of the record supports the trial court's ruling,[10] it must be accepted that the Task Force officers' testimony was not credible, and consequently, that they knew who the informant was but were nevertheless untruthful to the trial court in the *in camera* hearing. The evidence before the trial court in this case was enough to meet the "plausible showing" required in *Bodin*, and the trial court was not unreasonable in finding that Appellee's burden was met in this case.

The Rule 508 burden is not a high one, and Appellee met his burden to make a plausible showing of how the informant's information *may be* important. When the trial court dismissed the case under Rule 508, the court had before it, not merely speculation, but evidence. The evidence included: 1) there was an informant who was involved in a controlled buy with Espino; 2) Espino was not charged as a result of the controlled buy; 3) Espino was shot and killed by Alejandro, his fellow drug dealer; 4) the State, through the Task Force, vehemently and vigorously fought to prevent disclosure of any information relating to the informant; 5) after the parties agreed to the *in camera* hearing, the Task Force suddenly forgot who the informant was and failed to document any information relating to the informant; 6) the Task Force's own policies and procedures require documentation; 7) nevertheless, during the *in camera* hearing, the Task Force officers all testified that the defense theory was possible that the informant had told Alejandro of the controlled buy and

---

[9] *Burch*, 541 S.W.3d at 820 ("an appellate court must not substitute its own judgment for that of the trial court").

[10] *Int'l Fid. Ins. Co.*, 586 S.W.3d at 12 ("A trial court abuses its discretion only when no reasonable view of the record could support its ruling.").

Alejandro used the robbery as an opportunity to kill Espino;[11] and 8) after the hearing, an e-mail was disclosed showing that the Task Force's commander did, in fact, know who the informant was and that he would fight to prevent disclosure.[12]

The trial court reasonably found that the Task Force officers' testimony—that they did not know who the informant was—was not credible. From the evidence that the Task Force officers were untruthful to the court about the informant, and the evidence that the Task Force officers had strongly resisted disclosure of information relating to the informant, the trial court's conclusion that the informant had information affecting the capital murder case against Appellee was not unreasonable. Such a conclusion is not arbitrary or completely without reference to guiding rules and principles. *See Hill*, 499 S.W.3d at 865. In civil cases, a party who has deliberately destroyed evidence is presumed to have done so because the evidence was unfavorable to its case. *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 721 (Tex. 2003); *see also Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 22 (Tex. 2014) ("[A] party's intentional destruction of evidence may, 'absent evidence to the contrary,' be sufficient by itself to support a finding that the spoliated evidence is both relevant and harmful to the spoliating party.") (internal citations omitted). A similar presumption arises when a party controlling missing evidence cannot explain its failure to produce it. *Johnson*, 106 S.W.3d at 722.

---

[11] Teddy Grabarkewitz testified it was possible that the informant could have informed Alejandro of the controlled buy involving Espino. Rep. R. vol. 7, 54. Wade Parham, asked about the defensive theory, agreed that the informant's identity could be exculpatory. *Id.*, at 63. Lenny Martinez, also asked about the defensive theory, similarly agreed that the informant's identity could provide evidence that Appellee was innocent at least to the murder. *Id.*, at 73.

[12] The dissent argues that there is no record evidence to support the trial court's conclusion that there was a plausible showing that the informant may have had information necessary to Appellee's case, but the dissent's analysis only considers the first and third items listed here.

Thus, there was a plausible showing that the informant *may* have had information necessary to a fair determination of Appellee's guilt or innocence. The burden was met, and the trial court did not abuse its discretion in dismissing the case under Rule 508.

### V — Conclusion

In its consideration of the evidence that was before the trial court, the court of appeals failed to give deference to the trial court's credibility determination of the Task Force officers and failed to consider the consequent determination that their untruthfulness, in combination with their previous resistance to disclosure, made for a plausible showing that the informant may have had necessary information. We cannot say that the trial court's finding—that a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence—fell outside the zone of reasonable disagreement. The trial court did not abuse its discretion. Because the trial court so found, and the State through the Task Force officers elected not to disclose the informer's identity, on Appellee's motion, "the court must dismiss the charges to which the testimony would relate[.]" Tex. R. Evid. 508(c)(2)(A)(i). The trial court's dismissal was not erroneous, and we reverse the judgment of the court of appeals and affirm the judgment of the trial court.


Delivered: November 24, 2021
Publish