

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1137-16

**DAN DALE BURCH, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS MONTGOMERY COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., KEASLER, ALCALA, and NEWELL, JJ., joined. KELLER, P.J., filed a concurring opinion. KEEL, J., filed a concurring opinion in which RICHARDSON, YEARY, and WALKER, JJ., joined.

## O P I N I O N

The court of appeals held that the trial court abused its discretion when it denied Dan Dale Burch's motion for new trial. The issue in this case is whether the court of appeals erred. Burch argued on appeal that the trial court should have granted the new-trial motion due to his counsel's erroneous advice that the judge could place him on deferred-adjudication community supervision. Burch also argued that, if he had known

that the trial court could not place him on deferred-adjudication community supervision, but a jury could have recommended "straight" community supervision, he would have asked a jury to sentence him.[1] We conclude that the trial court did not abuse its discretion when it denied Burch's new-trial motion and that the court of appeals was wrong to conclude otherwise.

## BACKGROUND

### Trial[2]

On January 27, 2014, Burch was indicted for sexual assault. He pled not guilty and opted for a jury to assess his guilt. The jury convicted him, and Burch was sentenced to seven years' imprisonment. He was not fined. After the jury found Burch guilty, he elected to have the judge decide his punishment. At the punishment hearing, defense counsel stated in his opening argument that Burch was "probation eligible." Burch

---

[1]In the past, "community supervision" was referred to as probation. For purposes of readability, we will refer to community supervision as probation in this opinion. Also, because we discuss two different types of probation, we briefly explain them now.

Under deferred-adjudication probation, a defendant is placed on probation without being found guilty. TEX. CODE CRIM. PROC. art. 42.12, § 5. On the other hand, a person can also be placed on "straight" probation, but only after he is found guilty and is sentenced. *Id.* art. 42.12, §§ 3 & 4. This difference can be seen in the way the State revokes a defendant's probation. If a defendant violates a condition of his deferred-adjudication probation, the State files a motion to adjudicate in which it asks the judge to find the defendant guilty and to sentence him. However, if a defendant violates a condition of his "straight" probation, the State files a motion to revoke that probation and asks the judge to execute the defendant's sentence that has already been handed down.

[2]We discuss only the facts germane to the punishment-phase claim at hand. The court of appeals discussed more of the facts of this case. *Burch v. State*, No. 09-14-00361-CR, 2016 WL 4483087, at *1–2 (Tex. App.—Beaumont Aug. 24, 2016) (mem. op., not designated for publication).

presented two witnesses, his brother and sister, both of whom testified that he would be a good candidate for probation. At the conclusion of evidence, defense counsel asked the judge to place Burch on deferred-adjudication probation. The prosecutor conceded that Burch "may be a successful probationer" but argued that the evidence did not warrant probation. The judge said that he was "not going to give you probation, but I am not going to give you 20 years. I am going to give you seven years in prison."

## Motion for New Trial

Burch filed a timely motion for new trial in part arguing that he received ineffective assistance of counsel because his lawyer erroneously advised him that he was eligible for deferred-adjudication probation from the judge.[3] Based on that advice, Burch contended, he elected to have the judge assess his punishment, when in fact the judge was prohibited by law from granting deferred-adjudication probation.[4] Burch attached an affidavit from his lawyer confirming that counsel thought that the judge could grant deferred-adjudication probation. Defense counsel also stated, however, that he advised Burch to go to the judge for punishment for multiple reasons:

> My reasoning was based on my understanding of article 42.12 §5 and 10 years' experience that juries tended to access [*sic*] greater time when

---

[3]Burch also alleged that a new trial should be granted in the interest of justice and that he was entitled to a new guilt-phase trial because his trial counsel was ineffective. However, this appeal concerns only Burch's claim that he is entitled to a new punishment trial because of his counsel's erroneous probation advice.

[4]A defendant who pleads not guilty at trial, and then is found guilty, cannot be placed on deferred. TEX. CODE CRIM. PROC. art. 42.12, § 5(a).

sentencing on sexual assault cases than judges typically do, along with the fact the jury would also have heard evidence of a prior arrest for a sexual assault of a minor that was later dismissed in the sentencing phase. Lastly, I had factored in that the judge would take into consideration that the District Attorney's office through A.D.A. Tiana Stanford had offered [Burch] a deferred adjudication on a lesser charge of Unlawful Restraint.

Burch attached to the motion his own affidavit confirming the allegations and swearing that, had he known that he would not be eligible for deferred-adjudication probation from the judge, he would have elected to go to the jury for punishment. He also attached affidavits from both of his punishment witnesses (i.e., his brother and sister), who stated that defense counsel told them that Burch was eligible for deferred-adjudication probation. The trial court denied the motion without a hearing.[5]

## Court of Appeals

Burch appealed and argued that the trial court should have granted the new-trial motion because his attorney was prejudicially ineffective. The State conceded that counsel provided erroneous advice but argued that Burch had not shown that a jury would have given him a different sentence. The court of appeals cited the standard we used in *Riley*—that Burch had to show that the outcome of the proceedings would have been different had his lawyer advised him correctly—and concluded that the outcome would have been different "in one respect" because "the jury, not the trial court, would have assessed" the sentence, and the jury would have been able to recommend to the judge that

[5]The record shows that everyone was operating under the mistaken belief that the judge could withhold a finding of guilt and place Burch on deferred-adjudication probation.

Burch be placed on "straight" probation. *Burch*, 2016 WL 4483087, at *6; *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012). According to the appellate court, given "the circumstances under which" the victim was assaulted, as well as the fact that Burch had never previously been convicted or charged with any crime, was gainfully employed, supported his child, and had relatives testify that he would be a good candidate for deferred, it concluded that Burch "was deprived of a meaningful opportunity by not having a factfinder who could consider placing him" on probation. *Burch*, 2016 WL 4483087, at *6.

## Petition for Discretionary Review

Both parties filed petitions for discretionary review. We denied Burch's petition, but we granted the State's.

## APPLICABLE LAW

## Motions for New Trial

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if no reasonable view of the record could support the trial court's ruling. *Riley*, 378 S.W.3d at 457; *Freeman v. State*, 340 S.W.3d 717, 732 (Tex. Crim. App. 2011). This is a deferential standard of review that requires appellate courts to view the evidence in the light most favorable to the trial court's ruling. *Riley*, 378 S.W.3d at 457; *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). In determining whether the trial court abused its discretion, an appellate court must not

substitute its own judgment for that of the trial court, and it must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Riley*, 378 S.W.3d at 457; *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). The trial court's ruling is within the "zone of reasonable disagreement" when there are two reasonable views of the evidence. *Riley*, 378 S.W.3d at 457.

## Ineffective Assistance of Counsel

To obtain relief for ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that there is a "reasonable probability"—one sufficient to undermine confidence in the result—that the outcome would have been different but for his counsel's deficient performance. *Id.* at 458. The prejudice prong, as it relates to the incorrect advice of counsel on probation eligibility, requires a showing that: (1) the defendant was initially eligible for probation; (2) counsel's advice was not given as a part of a valid trial strategy; (3) the defendant's election of the assessor of punishment was based upon his attorney's erroneous advice; and (4) the results of the proceeding would have been different had his attorney correctly informed him of the law. *Id.*; *State v. Recer*, 815 S.W.2d 730 (Tex. Crim. App. 1991).

## ARGUMENTS

The State argues that, under *Riley*, an appellate court must view the evidence in the light most favorable to the trial court's ruling and that the court of appeals did not do that here. According to the State, since the trial court denied the motion for new trial, it

implicitly found that Burch's affidavits in support of that motion were not credible. The court of appeals, the State continues, therefore erred to reject those findings. The State also contends that Burch has not proven that the outcome of the proceeding would have been different.

Burch responds that the court of appeals was correct that the trial court abused its discretion. According to Burch, this is because no reasonable view of the record supported the trial court's ruling. He argues that he met his burden under *Riley* because he has shown that his decision to go to the judge for punishment was solely due to his counsel's erroneous advice and that, had he been properly advised, there is a reasonable probability that he would have asked a jury to sentence him because it could have considered recommending "straight" probation.

## ANALYSIS

We conclude that the trial court did not abuse its discretion when it denied Burch's new-trial motion because the record reasonably supports its ruling and that the court of appeals erred when it concluded otherwise.

Because our analysis turns on two decisions from this Court, we review them now. In *Recer*, as in this case, the defendant argued that her trial counsel was ineffective because he did not inform her that the trial judge was precluded from granting probation. *Recer*, 815 S.W.2d at 731. She contended that, if she had been properly informed, she would not have waived a jury for the punishment phase. *Id.* This Court concluded that,

while counsel gave the defendant erroneous advice, she had not shown that she was prejudiced because the record did not reflect that she "went to the trial judge for sentencing solely because of" that advice. *Id.* at 732. Instead, it showed that her punishment decision was also based on other factors, and as a result, the record did not reflect "that the decision to have the judge assess punishment was not a valid tactical strategy[.]" *Id.*

In *Riley*, the defendant elected to have the jury assess punishment based on counsel's erroneous advice that the jury could recommend probation. *Riley*, 378 S.W.3d at 455–56. He later filed a motion for new trial alleging ineffective assistance of counsel, stating that, had counsel given him proper advice, he would have elected for the trial court to assess his punishment. *Id.* at 456. The trial court denied the new-trial motion. *Id.* The court of appeals reversed, *id.*, but this Court reversed the lower appellate court. *Id.* at 460. We said that the court of appeals had "overstate[d] the case" when it found that the affidavits were sufficient to "conclusively" show that the results of the proceeding would have been different. *Id.* at 459. Since the trial judge had denied the new-trial motion, the appellate court was required to "assume that the trial judge implicitly found that there was no reasonable probability that the result of the proceedings would have been different." *Id.* In particular, the trial court "did not have to accept [the defendant's] claim that he would have changed his plea had he received correct advice[.]" *Id.* And, even if the court did accept that assertion, the defendant still had not proved that "correct advice would

have changed the result of the proceeding." *Id.*

The State is correct that the court of appeals failed to follow *Riley*, and failed to give proper deference to the trial court's denial of Burch's motion for new trial. As the State notes, a trial court's denial of a new-trial motion requires an appellate court to view the evidence in the light most favorable to the trial court's ruling and to imply findings and conclusions in favor of that ruling if none are issued. *Id.* Under *Riley*, this means assuming that the trial judge disbelieved Burch's affidavit, as well as those of his siblings. *Id.* If those affidavits are not believed, then Burch cannot establish that, but for counsel's erroneous advice, he would not have elected to go to the judge for punishment. We conclude that the trial court did not abuse its discretion when it denied the motion for new trial and that the court of appeals's conclusion to the contrary was error.[6]

## CONCLUSION

The court of appeals misapplied the proper standard of review for motions for new trial. Because the record reasonably supports the trial court's denial of Burch's new-trial motion, we reverse the judgment of the court of appeals and affirm the judgment of the

---

[6]We also note that, under *Recer*, a defendant is not entitled to relief if his punishment decision is based on other factors, and the record reflects that the punishment decision was a valid strategy. That is the case here. In his affidavit, counsel says that the decision to go to the judge for punishment was based on more than simply Burch's eligibility for probation. It was also because juries "tend[] to [assess] greater time when sentencing on sexual assault cases than judges typically do"; a jury would have "heard evidence of a prior arrest for a sexual assault of a minor that was later dismissed in the sentencing phase"; and the judge would "take into consideration" that the prosecutor had offered Burch "deferred adjudication on a lesser charge of Unlawful Restraint."

trial court.

Delivered: November 15, 2017

Publish