# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00837-CR

**Marcus Valadez Solis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY, NO. 2019CR0717, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Appellant Marcus Solis guilty of driving while intoxicated, and the trial court assessed sentence at 180 days in jail, suspended for a one-year term of community supervision. *See* Tex. Penal Code § 49.04(b) (first offense). Solis moved for a new trial, asserting that the State violated his due-process rights by failing to disclose that he had been represented by Comal County District Attorney's Office (DA's Office) in a civil case and had provided personal information to those DA's Office attorneys of which his defense attorney in this case was unaware, affecting his trial strategy. On appeal, he contends that the delayed disclosure of that representation prevented him from effectively exploring the possibility of recusing the DA's Office. We will affirm the trial court's judgment.

## BACKGROUND

New Braunfels Police Department (NBPD) officers responded to the scene of a one-vehicle crash into a guard rail at around 4:00 a.m. on January 12, 2019. NBPD officer

testimony revealed that Solis admitted driving the vehicle, seemed disoriented, had bloodshot eyes, and had an odor of alcoholic beverage on his breath. An officer testified that Solis first denied but later admitted having consumed alcoholic beverages in the preceding hours. Solis told police that he was driving to visit a friend and dozed off while taking an exit ramp. Under cross-examination by Solis's attorney, the officer testified that Solis did not tell him he had sleep apnea. The officer testified that Solis told him that he did not have a recent traumatic brain injury (TBI) but the officer also testified that, on a video played in court, he heard Solis mention having a TBI to jail staff; the officer testified that he did not hear the comment to jail staff at the time of the arrest. Solis failed three field sobriety tests and voluntarily provided breath specimens. A Texas Department of Public Safety scientist testified that the samples showed alcohol concentrations of .086 and .106 grams of alcohol per 210 liters of breath, both of which exceeded the .08 level that defines intoxication. *See* Tex. Penal Code §§ 49.01(1), (2), .04. The jury was instructed not to discuss Solis's choice not to testify or take that choice as a circumstance against him. The jury found Solis guilty of driving while intoxicated.

At his punishment hearing three weeks later, Solis testified about his post-traumatic stress disorder (PTSD) that was diagnosed in 2004 and arose from his military service. He testified that he understood the seriousness of driving while intoxicated because his brother died as a result of driving under the influence and because as a deputy he had seen people die as a result of DWI-related crashes. He admitted having been untruthful when he told the police he had not drunk alcohol before the accident, but denied trying to be deceitful. The trial court assessed sentence at 180 days in jail, probated for one year.

Solis filed a motion for new trial contending that the State violated Code of Criminal Procedure article 39.14 regarding pretrial discovery. He asserted that the verdict was

2

contrary to the law and evidence, that evidence tending to establish his innocence was intentionally destroyed or withheld preventing its production at trial, and that the DA's Office obtained evidence from him while defending him in a civil cause arising from an October 2015 shooting while he was on duty as a Comal County Sheriff's Office deputy. Solis asserted that, from October 2017 through April 2018, he met to discuss outcomes and strategies with an assistant district attorney (ADA) and outside counsel. Solis averred that he and those attorneys explored issues from his military service and afterwards that could be used by the plaintiff in that case to prove that he used excessive force. He told them he experienced hearing loss, sleep apnea, and PTSD. The attorneys asked him about his drinking or self-medication. He provided them his Facebook password so they could review his posts. He contended that the information he provided to the ADA in the civil case might have been presented to the jury by him in this case to explain why he could have fallen asleep while driving or exhibited clues of intoxication due to medical conditions instead of intoxication.

At the hearing on the new-trial motion, Solis testified that the ADA who had represented him had left the DA's Office. He estimated that he met with her and outside counsel in the prior case at least five times and discussed his drinking, PTSD, and medical retirement. He told them his drinking was minimal social drinking on his off-time at home and denied binge drinking. He testified that these topics were covered extensively during his day-long deposition. Solis testified that he had not understood the importance of his prior interactions with the DA's Office until he discussed them with his defense attorney after the guilt/innocence phase in this case. He said he assumed that his defense attorney knew about his prior case. Solis testified that, had the State disclosed the records, he would have testified at the guilt/innocence phase to

3

explain "the dynamics and details on that night, which was brought up by the State on my PTSD and [on my] drinking prior to drinking that kind of correlates with the two."

## DISCUSSION

By his sole issue, Solis contends that the trial court abused its discretion by denying his motion for new trial because his due-process rights were violated when the DA's Office did not disclose its prior representation of him in a timely manner for the defense to effectively explore the possibility of recusal.

### A.      Applicable law

We review a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). We must view the evidence in the light most favorable to the trial court's ruling. *Id*. Without findings in the record, as here, we presume that the trial court made all findings, express and implied, in favor of the prevailing party. *Okonkwo*, 398 S.W.3d at 694.

The appellate complaint focuses on the effect on Solis's due-process rights of the State's failure to disclose its representation of Solis in a prior civil matter. The federal and state constitutions both provide that the State shall not deprive a person of life, liberty, or property without due process of law. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19. A due-process violation occurs only when the defendant can establish actual prejudice, not just the threat of possible prejudice, to his rights by virtue of the district attorney's prior representation. *Landers v. State*, 256 S.W.3d 295, 304-05 (Tex. Crim. App. 2008); *see also State ex rel. Hill v. Pirtle*,

4

887 S.W.2d 921, 927 (Tex. Crim. App. 1994). A district attorney is not automatically disqualified from prosecuting a person whom he had previously represented in another matter even when it is for the same type of offense. *Landers*, 256 S.W.3d at 304. Actual prejudice would occur if the prosecutor previously personally represented the defendant in a substantially related matter, obtained confidential information by virtue of that prior representation, and used that information to the defendant's disadvantage. *Id.* at 305.

Solis's motion for new trial was based on a purported prosecutorial violation of a duty to disclose information to defendants. The Code of Criminal Procedure "requires the State, upon request, to disclose to the defendant discoverable items that 'constitute or contain evidence material to any matter involved in the action' subject to certain statutory limitations." *Lindsey v. State*, 582 S.W.3d 810, 819 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing Tex. Code Crim. Proc. art. 39.14(a)). If the State has not received a request, it has an affirmative duty only to disclose any exculpatory, impeachment, or mitigating document, item, or information in its possession, custody, or control that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged. *Id*. at 819-20; *see also* Tex. Code Crim. Proc. art. 39.14(h). The Legislature did not limit the applicability of Article 39.14(h) to "material" evidence, so this duty to disclose is much broader than the prosecutor's duty to disclose as a matter of due process under *Brady v. Maryland*, 373 U.S. 83 (1963). *Watkins v. State*, 619 S.W.3d 265, 277 (Tex. Crim. App. 2021).

**B.      Solis did not preserve for appellate review the deprivation of a right to explore recusal.**

To preserve error for appellate review, the complaint on appeal must comport with the complaint made at trial. *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App.

2017).  An appellant's timely and proper complaint to the trial court must have "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."  Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).  Further, the trial court must have either ruled on the complaint expressly or implicitly or refused to rule on the complaint even after the complaining party's objection to that refusal.  Tex. R. App. P. 33.1; *Gutierrez v. State*, 36 S.W.3d 509, 510-11 (Tex. Crim. App. 2001).  Many constitutional errors can be forfeited if a party fails to properly object to them at the trial court.  *Clark*, 365 S.W.3d at 339.  Courts of appeals must review preservation of error sua sponte.  *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).

Solis did not preserve the issue stated in his brief.  On appeal, Solis argues that the trial court abused its discretion by denying the motion for new trial where the failure to disclose the prior representation denied him the right to consider moving to recuse the prosecutor.  Solis knew of the prior representation, and his attorney learned of it before the punishment phase; however, Solis did not request recusal at the trial court or request a continuance to consider the possibility.  The only mention of recusal occurred during closing argument at the new-trial hearing during the following exchange concerning whether the State should have disclosed the prior representation and the related evidence:

> [DEFENSE COUNSEL]:  . . . And this is evidence that would have been material to his defense and would have definitely been used.  I think the DA's office probably should have recused themselves due to the prior representation.  And one, that was never—that never happened, and that was never disclosed to the defense, but to—
>
> THE COURT:  We're here on the motion for new trial.

[DEFENSE COUNSEL]: I'm sorry?

THE COURT: We're here on the motion for new trial.

[DEFENSE COUNSEL]: Yes, Your Honor. I mean, but the other thing is this is evidence that definitely would have been used in a defense, and I think it should have been turned over, and it wasn't. And the duty is on the State to do that.

Even if we deemed counsel's mention of recusal to be a request for recusal or disqualification, the trial court did not rule on the complaint, and Solis did not complain of the lack of a ruling. *See* Tex. R. App. P. 33.1. Solis did not preserve the issue stated on appeal.[1]

We overrule Solis's sole issue on appeal.

## CONCLUSION

We affirm the judgment of the trial court.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Do Not Publish

Filed: April 13, 2022

---

[1] We note that Solis has not shown that the information allegedly gained by the DA's Office in the prior civil suit (a) was used by the prosecution, (b) bore on the elements of the offense, or (c) bore on the punishment phase. Solis was admittedly driving a vehicle and the alcohol concentration in the breath samples given voluntarily after his crash exceeded the level showing intoxication. *See* Tex. Penal Code § 49.04(b). His 180-day term of incarceration was suspended for a year of community supervision.