

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00223-CR

---

KELLY DSHON BENNETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 161st District Court
Ector County, Texas
Trial Court No. B-20-0346-CR, Honorable Justin W. Low, Presiding

---

June 21, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Kelly Dshon Bennett appeals his conviction for the felony offense of assault of a family/household member, after having been previously convicted of same. An Ector County jury recommended punishment, the range of which was enhanced by two prior convictions, of thirty years' imprisonment and such was the sentence imposed.

On appeal to this Court, appellant raised one issue, asserting that he received ineffective assistance of counsel. We affirm.[1]

### *Background*

Appellant and complaining witness, S.A., were married in February 2015. Shortly thereafter, their relationship became one marred by substance abuse, a great deal of fighting, and, ultimately, domestic violence. In November 2019, appellant pled guilty to assault on a family member, S.A., a couple of months earlier. The record suggests that drug and alcohol abuse and domestic violence continued to impact the couple. S.A. twice sought refuge at a domestic violence shelter during their relationship. In December of 2019, S.A. rented an apartment on her own to escape what could be described as escalating domestic discord. Two weeks later, however, appellant had persuaded her to permit him to live with her again while he sought help for drug addiction. He was reluctant in seeking help and she pushed him to go to rehab. The relationship resumed in its turbulent and violent nature, becoming "more and more aggressive and violent" over their short reconciliation.

In February 2020, following a trip to the store, S.A. returned to the apartment. As she entered, appellant struck S.A. about the head with a fist closed around a bingo dabber. She explained that appellant first struck her on the side of her head, hitting her ear, and as she attempted to evade him, he began striking her on the back of her head. She picked up an air pump in the living room and hit him on the arm with it and then called

---

[1] Because this appeal was transferred from the Eleventh Court of Appeals, we are obligated to apply its precedent in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

2

911.  She admitted that both she and appellant were under the influence of methamphetamine at the time.

Responding officers quickly arrived at the scene and found it consistent with her account of the incident, noting the presence of a bingo dabber and redness on S.A.'s ear. S.A. described the very angry appellant as having suddenly changed his demeanor to a much calmer state upon the officers' arrival, as was his pattern when dealing with officers responding to their domestic altercations.  S.A. was clear in her testimony that she did not want appellant to be prosecuted and, instead, wanted him to get help for substance abuse.

Despite S.A.'s efforts, appellant was tried on charges of assault on a family member after having been previously convicted of assault on a family member.  At trial, the jury heard S.A.'s testimony and also considered a responding officer's account and expert testimony concerning the common patterns of behavior in domestic violence situations.  Ultimately, the jury found appellant guilty of the charged offense and recommended a punishment, enhanced by prior felony convictions, of thirty years' imprisonment.  Appellant was sentenced accordingly.

On appeal, he maintains that defense counsel rendered ineffective assistance when he failed to object to the State's odd reference during closing argument in the guilt/innocence phase to not being able to address appellant having had a prior conviction.  That is, in closing, the prosecutor said: "We are not allowed to talk about punishment, so we can't.  We can't discuss his prior, other than this one, so we can't."  Because defense counsel failed to object to the comment and seek a mistrial based on the improper jury argument, he purportedly was ineffective.  We overrule the issue.

3

***Law and Application***

The applicable standard of review is that discussed in *Briggs v. State*, 560 S.W.3d 176 (Tex. Crim. App. 2018). It is one of abused discretion requiring us to view the evidence in a light most favorable to the ruling. *Id.* at 183–84. Only if no reasonable view of the record or legal theory supports the decision is it an instance of abused discretion. *Id.* at 184.

Additionally, to secure relief when pursuing an allegation of ineffective assistance, the defendant must show deficient performance coupled with a reasonable probability that the outcome would have been different but for the deficiency. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). Performance is deficient when falling below an objective standard of reasonableness given the circumstances of the case. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see Edgar v. State*, No. 11-20-00025-CR, 2022 Tex. App. LEXIS 982, at *9 (Tex. App.—Eastland Feb. 10, 2022, no pet.) (mem. op., not designated for publication). Furthermore, we must be highly deferential to counsel's decisions to avoid the deleterious effects of hindsight. *Scott v. State*, No. 07-20-00179-CR, 2020 Tex. App. LEXIS 8845, at *2 (Tex. App.—Amarillo Nov. 13, 2020, no pet.) (mem. op., not designated for publication). That is, we should not second-guess, through hindsight, the strategy of counsel at trial or simply conclude that counsel was deficient because another attorney may have pursued a different course. *Id.*

Nor may we speculate; rather, the record must affirmatively demonstrate trial counsel's ineffectiveness. *See Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). If there is no record of trial counsel's explanation for the conduct in question,

4

reviewing courts commonly "assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013).

Here, the record contains no evidence of counsel's reasons for not objecting to the State's remarks. Further, we are unable to say that no competent attorney would have failed to object. It could well be that counsel's decision to forgo an objection was a strategical decision. Indeed, courts have recognized that withholding objection to avoid garnering more attention on a matter can be reasonable trial strategy. *See, e.g.*, *Garcia v. State*, 887 S.W.2d 862, 881 (Tex. Crim. App. 1994) (en banc) (acknowledging that the decision not to request a limiting instruction to avoid drawing more attention to incriminating evidence falls within the scope of reasonable trial strategy); *Scott*, 2020 Tex. App. LEXIS 8845, at *6 (noting that withholding an objection in light of a "rather oblique" and likely "innocuous" allusion to a polygraph examination could be a strategical decision to avoid drawing attention to the reference).

We further note that appellant's development of the second prong consisted of uttering mere conclusions without analysis. He merely tells us "[t]hat [the] statement immediately put a prejudicial doubt in the minds of the jurors as to the innocence of Appellant[]." The existence of "prejudicial doubt," if any, is not the test for harm. Rather, the complaint must illustrate a reasonable probability that the outcome would have differed but for the purported deficiency. *Bellar v. State*, No. 07-18-00059-CR, 2018 Tex. App. LEXIS 9383, at *4 (Tex. App.—Amarillo Nov. 16, 2018, pet. ref'd) (mem. op., not designated for publication). That was not done. The jury already having evidence of his

5

recent assault upon a family member and his prior conviction for the same crime legitimately before it, we cannot say there existed a reasonable probability that either the verdict or sentence would have differed.

Given the circumstances of this case, we conclude that appellant did not satisfy either prong of the relevant test, overrule his sole issue on appeal, and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.