

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00194-CR

---

MICHAEL DANIEL RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2020-095, Honorable Stephanie Bascon, Presiding

---

April 11, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Michael Daniel Rodriguez appeals from his conviction of aggravated robbery. His sole issue concerns the defenses of self-defense and necessity and his trial counsel's purported ineffectiveness for pursuing the former and not the latter. We affirm.[1]

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent in the event of a conflict between the precedents of that court and this court. See TEX. R. APP. P. 41.3.

### Background

Appellant lived with his girlfriend and her seventy-seven-year-old father. The latter proved to be the victim of appellant's assault. It involved the 230-pound appellant accusing the victim of theft. Allegedly, the 130-pound, seventy-seven-year-old man acquired a knife and struck out at appellant. Appellant responded by 1) reaching for a sword, 2) stabbing the victim several times, 3) leaving the room, 4) returning with a wooden post, 5) striking the victim with a 4x4 inch wooden post, 6) obtaining the victim's car keys and money, 7) driving away in the victim's car with his girlfriend while purportedly fearing for his life, and 8) stopping to buy hamburgers and sodas. These circumstances led defense counsel to request that the trial court include an instruction on self-defense within its jury charge. The trial court denied the request.

### Argument

Appellant concedes on appeal that he was not entitled to an instruction on self-defense. Instead, his counsel should have requested a defensive charge on necessity, in his view. By neglecting to do so, counsel allegedly provided him ineffective assistance. We overrule the issue.

To secure relief, one pursuing an allegation of ineffective assistance must show both deficient performance coupled with a reasonable probability that the outcome would have been different but for the deficiency. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017); *Howard v. State*, No. 07-17-00178-CR, 2018 Tex. App. LEXIS 1987, at *4 (Tex. App.—Amarillo Mar. 20, 2018, no pet.) (mem. op., not designated for publication). Failing to satisfy either prong allows us to reject the complaint. *Howard*, 2018 Tex. App. LEXIS 1987, at *5.

2

Moreover, the record must affirmatively demonstrate trial counsel's ineffectiveness. *See Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). This is so because we begin with the presumption that counsel was effective. *See Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.—Amarillo 1998, pet. ref'd); *accord Ex parte Stailey*, No. 03-19-00668-CR, 2021 Tex. App. LEXIS 6694, at *9 (Tex. App.—Austin Aug. 13, 2021, no pet.) (mem. op., not designated for publication) (noting the "strong presumption" that counsel's performance fell within the range of reasonable professional assistance). So, the burden lies with the appellant to rebut the presumption, which burden includes illustrating why counsel did what he did. *See Beck*, 976 S.W.2d at 266; *accord Nails v. State*, No. 07-11-0010-CR, 2011 Tex. App. LEXIS 7302, at *1–2 (Tex. App.—Amarillo Sept. 6, 2011, no pet.) (mem. op., not designated for publication). If the record does not reflect trial counsel's reasons for engaging in the conduct underlying the complaint, reviewing courts commonly assume the existence of a strategic motive if any can be imagined. *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013). Indeed, it is clear that trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

The record does not reveal trial counsel's reasons for withholding a request on the defense of necessity. And, we note that the choice of defensive theories to pursue generally lies within the realm of strategic decision making. *Diaz v. State*, No. 01-94-00381-CR, 1995 Tex. App. LEXIS 1458, at *20 (Tex. App.—Houston [1st Dist.] June 29, 1995, pet. ref'd) (mem. op.). Thus, we opt not to hold his performance deficient without affording him the chance to explain himself. Indeed, appellant's own multiple and

contradictory versions of events may well have influenced his decision. And, it seems only appropriate to accord counsel that which every defendant demands . . . the chance to defend himself. This is especially so when appellant has post-conviction avenues of relief through which the matter can be fully developed.

As for the element of prejudice, it requires the complainant to establish a reasonable probability that but for the deficient performance, the result would have differed. *Bellar v. State*, No. 07-18-00059-CR, 2018 Tex. App. LEXIS 9383, at *4 (Tex. App.—Amarillo Nov. 16, 2018, pet. ref'd) (mem. op., not designated for publication). In other words, he has to illustrate a reasonable probability of a different outcome, not merely conclude as much. Appellant's effort to satisfy that burden consisted of first conceding that he admitted to the elements of assault. After that, we find this sole statement: "There is a reasonable probability that the result of trial would have been different if trial counsel requested a necessity defense instruction and not a self-defense instruction." How appellant arrived at that conclusion went unexplained, as did why we should conclude similarly. And, the lack of any substantive explanation itself is basis to reject the ineffective assistance claim. *Ladd v. State*, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that because the appellant made no effort to illustrate prejudice, the omission precluded any relief); *Brown v. State*, No. 07-22-00107-CR, 2023 Tex. App. LEXIS 1028, at *7 (Tex. App.—Amarillo Feb. 16, 2023, no pet.) (mem. op., not designated for publication) (involving a claim of ineffective assistance and holding that appellant's lack of analysis regarding prejudice resulted in the waiver of his claim).

Additionally, a *sua sponte* analysis of the record did not undermine our confidence in the outcome for the following reasons. *See Avila v. State*, No. 07-18-00143-CR, 2019

4

Tex. App. LEXIS 6364, at *4–5 (Tex. App.—Amarillo July 24, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (stating that prejudice consists of a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different).  First, the idea of appellant needing to defend himself and flee actually was argued to the jurors.  They rejected it.

Second, appellant's own numerous, contradictory versions of events cast his own credibility in serious doubt.  This is of import because his testimony placed the topic of necessity in play, and the jury was free to reject his proclamations of fear, even if instructed on necessity.

Third, at least one version of events uttered by appellant had him the instigator of the confrontation.  A plethora of authority holds that a defendant instigating the confrontation loses the opportunity to claim necessity.  *See Navarro v. State*, 649 S.W.3d 603, 613 & n.1 (Tex. App.—Houston [1st Dist.] 2022, pet. granted) (and cases cited therein, noting a split on the issue but explaining that one is not entitled to a necessity defense when he placed himself in a position from which he attempted to extricate himself via criminal conduct).

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.


5