# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00663-CR

---

**Kristopher Brown-Maxwell, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 21-0508-K277, THE HONORABLE STACEY MATHEWS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury found Kristopher Brown-Maxwell guilty of sexual assault of Jade Smith[1] and assessed sentence at nine years in prison. Tex. Penal Code § 22.011(a)(1). The sentence was suspended and Brown-Maxwell was placed on community supervision for nine years. He contends that factually insufficient evidence supported a finding of penetration beyond a reasonable doubt and that his counsel was ineffective for failing to request an instruction for attempted sexual assault. We will affirm the judgment of conviction.

## I.      Sufficiency of the evidence

Brown-Maxwell contends that the evidence is insufficient to support the jury's finding beyond a reasonable doubt that he penetrated Jade and that there is no "objective proof" of lack of consent beyond the testimony of the victim. Although Brown-Maxwell asserts that he is challenging the factual sufficiency of the evidence to support the finding, that challenge is not

---

[1] Jade is a pseudonym for the victim.

available in criminal cases in Texas. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The Court of Criminal Appeals held that the standards of review for legal-sufficiency and factual-sufficiency challenges to criminal verdicts were indistinguishable, *id.* at 902, and that legal sufficiency is the only standard by which a reviewing court should determine whether the evidence is sufficient to support a conviction. *Id.* at 912.

We assess the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). A person commits sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent. Tex. Penal Code § 22.011(a)(1). The State must prove every element of a crime beyond a reasonable doubt. *Cada v. State*, 334 S.W.3d 766, 772-73 (Tex. Crim. App. 2011). In a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Braughton*, 569 S.W.3d at 607-08.

The trier of fact is the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence. *Braughton*, 569 S.W.3d at 608; *see also* Tex. Code Crim. Proc. art 36.13 (explaining that "the jury is the exclusive judge of the facts"). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *Braughton*, 569 S.W.3d at 608; *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). We determine whether the necessary inferences made by the trier of fact are reasonable based upon the cumulative force of all the evidence. *Id.* Thus, when performing an

2

evidentiary-sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *see Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Because factfinders are permitted to make reasonable inferences, "[i]t is not necessary that the evidence directly proves the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

Brown-Maxwell contends that the conflicts in the testimony combined with the lack of "objective proof" of penetration and lack of consent mean that the record contains insufficient evidence to support the conviction. However, a conviction under Section 22.011 may be supported "on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred." Tex. Code Crim. Proc. art. 38.07(a). Moreover, the conviction may be supported by the uncorroborated testimony of the victim if the victim was seventeen years of age or younger at the time of the sexual assault. *Id.* art. 38.07(b)(1); *State v. Dudley*, 223 S.W.3d 717, 726 (Tex. App.—Tyler 2007, no pet.). Jade was seventeen at the time of the offense and informed police officers and a nurse of the details of the offense on the day it occurred. Jade's testimony alone is sufficient if believed by the jury.[2]

Jade undisputedly went to Brown-Maxwell's apartment, spent the evening with him and his friends, and stayed overnight with him in his room where they watched a cartoon. Jade testified that Brown-Maxwell gradually escalated kissing and other physical contact, which

---

[2] Jade and Brown-Maxwell testified at length regarding the events at issue. We have reviewed the record but, because of the sensitive nature of the events, recount only those aspects of the testimony necessary to our review of the legal issues presented in this appeal.

3

she resisted physically and verbally by telling him to stop. She testified that over several minutes he removed her overshirt, pants, and underwear and "kept saying how relentless he was and that he wasn't going to stop" even though she started crying. Jade testified that, though she told him she did not like what was happening, Brown-Maxwell then pulled his pants down and inserted his penis into her vagina. While some details of Jade's description of what occurred varied between her statements to police, the sexual-assault nurse examiner, and the jury at trial, she never wavered on her position that Brown-Maxwell penetrated her vagina with his penis without her consent.

By contrast, Brown-Maxwell testified that their activities, including kissing and other physical contact, were entirely consensual. He said that Jade removed her own clothes. He testified that he did not at that time want to have sex with Jade and denied penetrating her vagina with his "fingers, penis, or anything else." Brown-Maxwell admitted he had been scared and twice lied to police when he denied having any sexual contact with Jade—first when a detective questioned him five days after the offense and weeks later when the detective questioned him during the collection of a DNA sample.

The jury had to make a credibility choice and it chose to believe Jade and to disbelieve Brown-Maxwell. The jury is the sole arbiter of the credibility of and weight to be given testimony, *Braughton*, 569 S.W.3d at 608, and it rejected Brown-Maxwell's version of events. None of the other testimony and evidence undermines Jade's testimony on the essential facts of lack of consent and penetration of her sexual organ such that a rational jury could not have found the essential elements of the offense beyond a reasonable doubt. Viewing the record in the light most favorable to the verdict, we conclude that legally sufficient evidence supports

4

the jury's findings underlying the verdict that Brown-Maxwell penetrated Jade's sexual organ without her consent. We overrule ground one.

## II.   Ineffective assistance of counsel in not requesting an instruction on attempt

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence (1) deficient performance by counsel and (2) resulting prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687-88; *Ex parte Scott*, 541 S.W.3d 104, 115 (Tex. Crim. App. 2017). The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). Our review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was not deficient." *Nava v. State*, 415 S.W.3d 289, 307-08 (Tex. Crim. App. 2013) (emphasis in original); *see also Strickland*, 466 U.S. at 689. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). If trial counsel has not been afforded the opportunity to explain the reasons for his or her conduct, we will not find a deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308 (quoting *Menefield*, 363 S.W.3d at 593).

5

Further, determining whether a defendant is entitled to a lesser-included-offense instruction is a two-part analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). The State concedes here that an attempted offense is a lesser-included offense of the offense itself. *See* Tex. Code Crim. Proc. art. 37.09(4). Next, we must determine whether there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rice*, 333 S.W.3d at 145. There must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Goad*, 354 S.W.3d at 446. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Id.* "Criminal attempt" is defined as follows: "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code § 15.01(a).

The record is silent as to why Brown-Maxwell's trial counsel did not request an instruction on attempt and does not demonstrate that his choice not to request the instruction was so outrageous that no competent attorney would have done the same. Brown-Maxwell testified unequivocally that he did not penetrate Jade's vagina and that he had not wanted to do so. He did not describe any attempt by him to penetrate her vagina. However, Jade testified unequivocally that he did penetrate her vagina with his penis without her consent. We find no testimony or evidence that Brown-Maxwell intended and tried, but failed, to penetrate Jade's sexual organ. Because no evidence supported giving the attempt instruction, trial counsel's

6

performance was not deficient for failing to request the unmerited instruction. We overrule ground two.

## CONCLUSION

Having overruled both grounds for appeal, we affirm the judgment of conviction.

_____
Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed: August 16, 2023

Do Not Publish