**Affirmed and Memorandum Opinion filed November 7, 2023**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00209-CR

---

**TAYLOR GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Ciourt**
**Harris County, Texas**
**Trial Court Cause No. 1596766**

---

## MEMORANDUM OPINION

Appellant Taylor Guillory was charged with aggravated assault with a deadly weapon. A jury convicted appellant and sentenced him to five years' imprisonment. Appellant filed a motion for new trial in which he argued, among other things, that he received ineffective assistance of counsel because his trial counsel failed to investigate or present evidence of appellant's mental health history that may have led to a different sentence. The trial court did not conduct a hearing, and appellant's motion for new trial was denied by operation of law. On rehearing, appellant

challenged the denial of his motion as well as the trial court's failure to conduct a hearing.

Concluding that appellant demonstrated he timely presented his motion for new trial to the trial court and was entitled to a hearing on his motion for new trial, we withdrew our opinion dated November 18, 2021, abated the case, and remanded for the trial court to hold a hearing. After the hearing, the trial court again denied appellant's motion for new trial. We then reinstated the appeal after supplemental reporter's and clerk's records were filed and permitted the parties to file supplemental briefing.

We conclude that the trial court did not abuse its discretion in denying the motion for new trial because appellant failed to satisfy the second *Strickland* prong; that is, but for trial counsel's performance, there is a reasonable likelihood that the outcome of appellant's trial would have been different. We affirm the trial court's judgment.

### *Background*

Eleven-year-old D.G. was walking home with a friend one afternoon. As he passed by appellant's house, he observed appellant with an assault rifle and a shotgun. According to D.G., appellant put the assault rifle into his car, and then aimed the shotgun at D.G. and his friend. D.G. testified that he told his friend to run home. D.G. ran into his home and told his stepfather what happened and that he was afraid. Two days later, police officers arrived at appellant's home and seized a shotgun from appellant's bedroom. Appellant's case proceeded to trial, and the jury returned a guilty verdict, assessing appellant's punishment as five years' imprisonment. As mentioned, the trial court conducted a hearing on appellant's motion for new trial, denied the motion, and submitted its findings of fact and conclusions of law.

2

*Discussion*

In his sole issue on appeal, appellant complains that the trial court abused its discretion in denying his motion for new trial alleging that the trial court's findings were not supported by the record. Appellant alleges several failures of his trial counsel, including the failure to request or issue subpoenas to Harris County agencies, produce appellant's client file, review the juvenile probation file for evidence of psychiatric evaluations or other mitigating evidence, request or subpoena records regarding appellant's mental health treatment, and seek expert assistance or investigate appellant's mental health history.

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if no reasonable view of the record could support the trial court's ruling. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). This is a deferential standard of review that requires appellate courts to view the evidence in the light most favorable to the trial court's ruling. *Id.* If the trial court's findings of fact are supported by the record, an appellate court is not at liberty to disturb them, and on appellate review, we address only the question of whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (citing *Self v. State*, 709 S.W.2d 662 (Tex. Crim. App. 1986)). In applying this standard of review, we must presume that the trial court disbelieved evidence supporting appellant's claims. *See Burch*, 541 S.W.3d at 821. In determining whether the trial court abused its discretion, an appellate court must not substitute its own judgment for that of the trial court, and it must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* at 820.

The Sixth Amendment of the United States Constitution guarantees an accused's right to the reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex.

3

Crim. App. 2011) (right to counsel "does not provide a right to errorless counsel, but rather to objectively reasonable representation"). To prove a claim for ineffective assistance of counsel, an appellant must establish, by a preponderance of the evidence, that (1) his trial counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez*, 343 S.W.3d at 142. In determining whether there was a reasonable probability of a different result but for the ineffective assistance, courts look for a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When conducting a *Strickland* analysis of alleged ineffective assistance of counsel, we look to the totality of the representation to determine counsel's effectiveness. *Cf. Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006) (setting forth standard on direct appeal). The purpose of the *Strickland* two-pronged test is to assess whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *See Strickland*, 466 U.S. at 686. An appellant bears the burden to establish both prongs by a preponderance of the evidence, and his "failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see Lopez*, 343 S.W.3d at 142 ("Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective.").

Appellant contends that his trial counsel provided ineffective assistance of counsel because trial counsel failed to rebut the extraneous offenses for punishment, offered no mitigation in any substantive way to the jury, and conducted very little research or investigation into his history. Appellant argues that there were five

psychiatric reports that contained significant mitigating evidence and suggests that trial counsel's failures were "bad enough to have undermined confidence in the entire trial, not just punishment." According to appellant, the "jury was left unguided" that he was "eligible for probation."

The trial court conducted a hearing during which trial counsel testified regarding his representation of appellant and appellant's mother testified regarding appellant's medical history. Among other things, appellant's juvenile probation file, the State's notice of intent to use evidence of prior convictions and extraneous offenses, the "16.22 Notification," and a copy of appellant's "orange sheet" were admitted into evidence. After hearing the evidence and arguments of counsel, the trial court denied the motion for new trial.

Assuming without deciding that trial counsel's performance in this case was deficient, to satisfy the second *Strickland* prong, appellant was required to show that there is a reasonable probability that, but for counsel's presumably deficient performance, the result of the trial would have been different. *See Strickland*, 466 U.S. at 694.

In this case, appellant failed to demonstrate that the result of the proceeding would have been different had trial counsel offered more evidence regarding his mental health history or juvenile probation record. The trial court was presented with evidence that appellant was not successful with his mental health treatments. Appellant's mother testified that appellant did not consistently take his prescribed medications. The trial court was also presented with evidence that appellant was abusing drugs and alcohol, which potentially exacerbated his mental health diagnoses. While an expert could have testified in depth about appellant's mental health history, there was evidence that some of appellant's mental health history was presented to the jury. Additionally, appellant's juvenile probation record contained

a substantial amount of aggravating evidence that would not have likely changed the result of the trial. In its findings of fact, the trial court found that appellant's juvenile record contained, among other things, information about appellant's aggressive behavior and how that behavior was caused by him not taking his mental health medication.

Our review of the entire record leads us to conclude that, based on the evidence presented, the trial court did not abuse its discretion in denying the motion for new trial because appellant did not meet his burden to show that there was a reasonable probability that but for his trial counsel's alleged errors, the sentence he received would have been less. Accordingly, we overrule appellant's only issue on appeal.

### *Conclusion*

Having concluded that appellant failed to satisfy the second *Strickland* prong, we affirm the judgment of the trial court.


/s/ Frances Bourliot
Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.

Do Not Publish — TEX. R. APP. P. 47.2(b).