

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00115-CR
_____

JUSTAN NATHANIEL STUBBLEFIELD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1525076

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Appellant, Justan Nathaniel Stubblefield, pled guilty to possession of a controlled substance, penalty group one, in an amount of one gram or more but less than four grams in a drug-free zone, a second-degree felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.). He was sentenced to ten years' incarceration, which was probated for ten years with a $1,500.00 fine and $180.00 in restitution. The State filed motions to revoke on April 3, 2018, August 3, 2022, February 7, 2024, and May 15, 2024. Stubblefield's community supervision was not revoked as a result of those four motions; however, the terms of his community supervision were amended.

On April 9, 2025, the State filed its fifth motion to revoke community supervision, alleging that Stubblefield consumed alcohol in violation of the conditions set forth in his community supervision and that Stubblefield failed "to avoid persons or places of disreputable or harmful character; specifically avoid association with any person previously convicted of a crime, currently on community supervision or parole, currently charged with a crime, or being present at a location where a criminal offense is being committed."

After a hearing on the State's fifth motion to revoke, at which Stubblefield entered a plea of "true" to both allegations, the trial court revoked Stubblefield's community supervision and imposed the trial court's original sentence of ten years' incarceration. Stubblefield filed a motion for new trial, attaching an affidavit asserting that he received ineffective assistance of counsel and that because of the ineffective assistance, he "missed [the] opportunity" to negotiate

2

a deal less than the maximum sentence. The trial court held a hearing on the motion for new trial, at which Stubblefield's counsel testified, and the trial court denied the motion.

On appeal, Stubblefield asserts that he received ineffective assistance of counsel as it pertained to the State's fifth motion to revoke. Because we find that Stubblefield has not shown a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance, we affirm the trial court's judgment.

## I. Ineffective Assistance of Counsel

"[W]e review the adequacy of representation" using *Strickland*'s two-step test. *Tanner v. State*, 707 S.W.3d 371, 376 (Tex. Crim. App. 2024) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To prevail on his claim of ineffective assistance of counsel, Stubblefield must prove by a preponderance of the evidence that: (1) his counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See id.*; *Strickland*, 466 U.S. at 694. The review of a trial counsel's representation on an ineffective-assistance challenge is highly deferential to counsel's professional judgment. *Strickland*, 466 U.S. at 689.

To meet the first prong of the *Strickland* test, Stubblefield must overcome "a strong presumption that [his] counsel's conduct falls within the wide range of reasonabl[y] professional assistance." *Id.* "[A]ny allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per curiam)). To meet the second prong of the test, Stubblefield must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors,

3

the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.*

"Ineffective assistance of counsel claims must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011)). "Failure to satisfy either prong of the *Strickland* test is fatal." *Id.* (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006) (orig. proceeding)). "Thus, we need not examine both *Strickland* prongs if one cannot be met." *Id.* (citing *Strickland*, 466 U.S. at 697).

### A. Standard of Review

Stubblefield presented his ineffective assistance of counsel claims during a motion for new trial. As a result, we employ the following standard of review as set forth in *Riley v. State*:

> An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. This deferential review requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."

*Lampkin v. State*, 470 S.W.3d 876, 902–03 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012) (footnotes omitted) (citations omitted) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985))). "When

the trial court denies a motion for a new trial alleging ineffective assistance of counsel, 'we view the relevant legal standards through the prism of abuse of discretion.'" *Id.* (quoting *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.)).

**B.**    **Reasonable Probability That the Results of the Proceeding Would Have Been Different**

Because it is dispositive, we address the second *Strickland* prong first. Stubblefield, on appeal and in his motion for new trial, asserts that

> Because of [trial counsel's] failure to investigate the case, be familiar with the facts of the case and, therefore, adequately advise Stubblefield, Stubblefield missed out on the opportunity to understand and accept the plea offer. There is a reasonable probability that, but for [trial counsel's] failure to adequately investigate the case and communicate with his client, the outcome would have been different.

The Houston Court of Appeals stated,

> To establish prejudice in a claim of ineffective assistance of counsel in which a defendant rejects a plea offer because of bad legal advice, the defendant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the State would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.

*Ross v. State*, No. 14-22-00649-CR, 2023 WL 7498200, at *4 (Tex. App.—Houston [14th Dist.] Nov. 14, 2023, no pet.) (mem. op., not designated for publication) (citing *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013)).

Here, Stubblefield's trial counsel testified that he relayed the State's offer of eight years to Stubblefield, who rejected the offer in favor of having a hearing. The trial court, at the motion for new trial hearing, stated that it believed that Stubblefield, or anyone for that matter, would have rejected an offer of eight years when the maximum was ten years. That supports a finding

5

that Stubblefield would not have accepted the offer, even if he had received the assistance of counsel that he claims on appeal he should have received. The trial court, in making its decision to deny the motion for new trial, specifically stated,

> But [trial counsel had] a strategy, he did do some investigation, he -- but what is for sure, what fails here is the second prong, whether there is a probability sufficient to undermine the confidence and the outcome that but for Counsel's purported unprofessional errors, the result of the proceeding would have been different. It would not have been different.

While Stubblefield, with the benefit of hindsight, states that he would have taken the eight-year offer, the record establishes that he rejected the offer outright and proceeded to trial knowing what could happen. "[A] trial court's denial of a new-trial motion requires an appellate court to view the evidence in the light most favorable to the trial court's ruling and to imply findings and conclusions in favor of that ruling if none are issued." *Burch v. State*, 541 S.W.3d 816, 821 (Tex. Crim. App. 2017). "[T]his means assuming that the trial judge disbelieved [Stubblefield's] affidavit, . . . then [Stubblefield] cannot establish that, but for counsel's erroneous advice," he would have elected to accept the eight-year offer. *Id.* Therefore, Stubblefield has failed to establish that, but for the purported deficiencies of his trial counsel, the outcome of the proceeding would have been different; as such, he has failed to satisfy the second prong of the *Strickland* test and has not met his burden of proof to overcome the strong presumption that counsel rendered adequate assistance. *See Thompson*, 9 S.W.3d at 813; *Strickland*, 466 U.S. at 689.

Based on our review of the record and Stubblefield's inability to overcome the second *Strickland* prong, we find that the trial court's ruling is within the zone of reasonable

6

disagreement, and there was no abuse of discretion on the part of the trial court. We overrule Stubblefield's sole issue.

## II.     Conclusion

We affirm the trial court's judgment.


                                          Scott E. Stevens
                                          Chief Justice


Date Submitted:     December 29, 2025
Date Decided:       March 18, 2026

Do Not Publish