**Affirmed and Opinion Filed December 22, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00173-CR

### ASHLEY COSLETT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 366th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 366-80156-2018

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Molberg

Ashley Coslett appeals a judgment adjudicating her guilt and sentencing her to one year of confinement in state jail on a charge of abandoning or endangering a child under penal code § 22.041, a state jail felony as alleged in the indictment. Following entry of that judgment, Coslett moved for a new trial. In five issues, Coslett claims the trial court erred by denying her motion for new trial and in excluding certain evidence at the hearing on that motion, and she asks us to reverse the judgment and remand for a new trial. We affirm the judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

BACKGROUND

In January 2018, the State charged Coslett with abandoning or endangering a child under Texas Penal Code § 22.041. The indictment alleged that, on or about April 26, 2017, in Collin County, Coslett did,

> then and there intentionally, knowingly, recklessly and with criminal negligence, engage in conduct that placed [S.W.], a child younger than 15 years of age, in imminent danger of death, bodily injury, or physical or mental impairment, by supervising [S.W.] while impaired by alcohol, and [Coslett] did not voluntarily deliver the child to a designated emergency infant care provider under Section 262.302, Family Code;

*See* TEX. PENAL CODE § 22.041(c), (f), (h) (describing offense under Subsection (c) as a state jail felony and describing exception to application).[1]

Subject to a plea agreement, Coslett pleaded guilty, and the court entered an order that deferred adjudication of Coslett's guilt, required payment of a $500 fine

---

[1] Section 22.041 has been amended several times, but we need not belabor the legislative history in light of the issues presented. Below, we quote the pertinent subsections currently in effect. Aside from very slight changes in wording that have no impact on our analysis here, we note that the portions we quote below were in effect prior to the alleged offense.

> (c) A person commits an offense if the person intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child . . . in imminent danger of death, bodily injury, or physical or mental impairment.
>
> . . . .
>
> (f) An offense under Subsection (c) is a state jail felony.
>
> . . . .
>
> (h) It is an exception to the application of this section for abandoning or endangering a child that the actor voluntarily delivered the child to a designated emergency infant care provider under Section 262.302, Family Code.

and $349 in court costs, and placed Coslett on community supervision for a period of three years, subject to certain conditions. Time passed.

About eleven weeks before her community supervision period was to end, the State filed a motion for an order to adjudicate Coslett's guilt, alleging Coslett had violated five of the community supervision conditions.[2] The trial court heard the State's motion on December 2, 2021. In that hearing, Coslett made an open plea of "true" to the State's allegations and expressed her understanding that she had the right to appeal her punishment but not her plea of true to the State's allegations. Coslett and her probation officer testified, and the trial court admitted the plea packet into evidence without objection. Coslett offered no exhibits. After both sides rested and closed, the trial court found Coslett sufficiently competent to make a plea, found Coslett's plea was freely and voluntarily entered, found the State's allegations true, adjudicated Coslett's guilt, and sentenced her to one year in state jail with credit for certain time served.

After the trial court rendered its decision and sentenced her in open court, the trial court made the following comments, to which Coslett responded:

> [TRIAL COURT]: Ms. Coslett, I didn't believe a word you said. You've been having positive tests for alcohol throughout your time on probation throughout this time. As far as I can tell you've had it all the way through August of this past year.

---

[2] Although we are paraphrasing, the State alleged Coslett used alcohol, failed to perform community service hours, failed to submit to testing on a portable alcohol-testing device, and failed to pay the fine and court costs within 30 days as required under her community supervision conditions.

Your lockout doesn't make sense. This idea that somehow your at-home device isn't working or you couldn't get one is inexplicable as it relates to this stuff. I don't believe in terms of the situation that you gave me with regard to your concerns about your life and your daughter being detrimental. Your decisions in these cases – excuse me, this case, has been detrimental to her and specifically yourself.

I disagree with [Coslett's trial counsel] as it relates to throwing away the key. At some point in time we have to take responsibility for what we've done and all the chances that everybody has given you.

If it wasn't clear enough, probation was tired [sic] after every single time they filed motions and sanctions, asked to place you in jail, having you do all of these extra things time after time after time and you kept coming up with excuses and issues.

And your behavior at the probation department at previous times makes me think that you are not taking any of this seriously and have not ever taken it seriously, so I'm not going to take anything you say seriously. And so –

[COSLETT, individually, not through counsel]: I have my records.[3]

[TRIAL COURT]: That is the order, judgment, and decree of the Court. And you may go with the bailiff. Thank you. Go with the bailiff, Ms. Coslett.

The trial court signed the judgment adjudicating Coslett's guilt on December 9, 2022. Coslett, through new counsel, then filed various motions seeking a new trial.[4] The trial court heard Coslett's motion for new trial on February 10, 2022, while it still had plenary power, and denied it the same day. Coslett timely appealed.

---

[3] As indicated, Coslett offered no exhibits into evidence during the December 2, 2021 hearing.

[4] The post-judgment motions in which Coslett sought a new trial included: (1) a December 31, 2022 motion for new trial, which asserted that "the verdict is contrary to the law and evidence[,]" *see* TEX. R. APP. P. 21.3(h); (2) a February 3, 2022 "Amended Motion for New Trial and Motion for Leave to File," which contained no such assertion or any other grounds listed in rule of appellate procedure 21.3; and a February 3, 2022 "Motion to Modify, Vacate, or Amend Sentence," which similarly lacked any grounds listed in rule of appellate procedure 21.3. Unless context indicates otherwise, we refer to those motions together as Coslett's "motion for new trial."

–4–

## ISSUES AND ANALYSIS

Coslett describes herself as a recovering alcoholic. She has expressed one consistent theme since the trial court rendered its judgment adjudicating her guilt, namely, that she is more committed to her recovery and probation than what the trial court apparently believed at the time of adjudicating her guilt. In five issues, Coslett argues that, by erroneously excluding certain evidence in the motion for new trial hearing (second, third, and fourth issues), the trial court improperly deprived her of her due process right to the trial court's fair exercise of sentencing discretion (first issue) and based its sentence on inaccurate information regarding her integrity and commitment to probation (fifth issue). We disagree.

### *Exclusion of Evidence*

In her second through fourth issues, Coslett argues the trial court erred by excluding three exhibits in the motion for new trial hearing: (1) defense exhibit one, a six-page journal entry she wrote while in jail, after the trial court imposed her sentence and before she filed an appellate bond (second issue), (2) defense exhibit two, records from an intensive outpatient program Coslett attended through Aspire Recovery Center of Frisco in the first quarter of 2020, more than a year before the trial court heard the State's motion (third issue), and (3) defense exhibit four, a report of a mental health screening of Coslett done by Jennifer Goodwin-Golden, LPC on November 13, 2020, also more than a year before the trial court heard the State's motion (fourth issue). The State objected to these exhibits on the grounds they were

hearsay and did not constitute Coslett's own business records, as she argued. *See* TEX. R. EVID. 803(6).[5] The trial court sustained the State's objections and did not admit the exhibits into evidence except for record purposes as an offer of proof.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). If the trial court's ruling falls within the zone of reasonable disagreement, we should affirm. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). Based on the record before us, we conclude the trial court did not abuse its discretion in excluding these exhibits in the motion for new trial hearing despite Coslett's arguments under rule 803(6). Even if we concluded otherwise, Coslett failed to show the alleged error was harmful. *See* TEX. R. APP. P. 44.2(b). We overrule Coslett's second, third, and fourth issues.

---

[5] Under rule 803, certain things are not excluded by the rule against hearsay, including:

(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted business activity;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by an affidavit or unsworn declaration that complies with Rule 902(10); and

(E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. "Business" as used in this paragraph includes every kind of regular organized activity whether conducted for profit or not.

*Denial of Motion for New Trial*

In her first and fifth issues, Coslett argues the trial court violated her due process rights by denying her motion for new trial.

In criminal cases, a defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:

(a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel;

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;

(c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;

(d) when a juror has been bribed to convict or has been guilty of any other corrupt conduct;

(e) when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial;

(f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result;

(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or

(h) when the verdict is contrary to the law and the evidence.

TEX. R. APP. P. 21.3. Here, as indicated previously, Coslett's December 31, 2022 motion for new trial asserted "the verdict is contrary to the law and evidence[,]" *see*

–7–

*id.* 21.3(h), but the other two motions in which she asked for a new trial contained no such assertion and asserted none of the other grounds listed in the rule.

We review denials of motions for new trial for abuse of discretion. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017); *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012); *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We "view the evidence in the light most favorable to the trial court's ruling" and "revers[e] only if no reasonable view of the record could support the trial court's ruling[,]" and we must not substitute our own judgment for that of the trial court and "must uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Burch*, 541 S.W.3d at 820; *see State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) ("An appellate court may reverse a trial court's decision on a motion for new trial when the trial court's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree.").

The trial court, as factfinder, is the sole judge of witness credibility with respect to both live testimony and affidavits at a hearing on a motion for new trial. *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2013).

A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason and cannot grant a new trial based on mere sympathy, an inarticulate hunch, or because the judge believes the defendant is innocent or received a raw deal. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). A trial court abuses its discretion in denying a motion for new trial only when no

–8–

reasonable view of the record could support the trial court's ruling. *See McQuarrie*, 380 S.W.3d at 150; *Webb*, 232 S.W.3d at 112.

That is not the case here. While we appreciate Coslett's counsel's efforts to convey Coslett's commitment to her recovery—a commitment we hope continues—his efforts in the trial court amounted, in terms of practical effect, to nothing more than a request that the trial court reassess Coslett's credibility based on her additional testimony and information Coslett did not present at the hearing on the State's motion to adjudicate guilt. In light of the record before us, we agree with the State that the trial court did not abuse its discretion in denying Coslett's motion for new trial. *See* TEX. R. APP. P. 21.3; *Okonkwo*, 398 S.W.3d at 695 (trial court is sole judge of witness credibility as to both live testimony and affidavits at a hearing on a motion for new trial); *Thomas*, 428 S.W.3d at 103 (trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason and cannot grant a new trial based on mere sympathy, an inarticulate hunch, or because the judge believes the defendant is innocent or received a raw deal).

## CONCLUSION

We affirm the trial court's judgment.

/Ken Molberg/
_____
KEN MOLBERG
JUSTICE

220173f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ASHLEY COSLETT, Appellant

No. 05-22-00173-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-80156-2018.

Opinion delivered by Justice Molberg. Justices Pedersen, III and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of December, 2023.